## FERGUSON v WIEGAND

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11715. Decided March 16, 1931

Fraquharson, Curtiss, Gillis, Gustafson & Miller, Cleveland, for Ferguson.

M. B. & H. H. Johnson, Cleveland, for Wiegand.

SHERICK, PJ, LEMERT & MONTGOMERY, JJ, (5th Dist) sitting.

MONTGOMERY, J.

The defendants claim that the plaintiffs should not prevail in this action for a number of reasons, which, for convenience, may be set forth and described as follows· and in the following order:

1. That this matter is now res adjudicata.

2. That the granting of the relief prayed ·for in the petition would be unconstitutional as impairing the validity of a contract.

3. That the plaintiffs cannot effectively invoke the initiative as a means of upsetting the action of the city council and that such initiated measures would· have no force and effect as against the action of the council heretofore taken.

4. That the plaintiffs have not the legal capacity to maintain this action.

Of these propositions, in the order set forth:

1. It will be noted that action 11662 in which it is claimed the finding of the court is a bar to this action, was an action by the city of Lakewood against the city officials of the city of Lakewood. It involved the validity of a specific contract only.

The parties plaintiff herein were not parties to that action. They were precluded by the action of the Law Director from even participating through their counsel in that action.

2. We do not agree with the contention that to hold with the plaintiffs would result in the impairment of a contract, thereby violating constitutional guarantees. It will be observed that the petitions were filed with the city council prior to letting of this last contract and all the defendants had notice of the filing of these petitions They entered into this contract with their eyes open and were advised or ought to have been advised of the probability of this election. They knew that the plaintiffs were claiming certain rights, which rights, if sustained, would automatically invalidate the contract. In our judgment they cannot claim the benefit of this constitutional provision.

3. The most difficult question arises in determining the right of the plaintiffs by initiated measures to upset the action of the council of the city heretofore taken.

Article ·2, Sec. 1 of the Constitution of Ohio is as follows:

"Municipal Questions. The initiative and referendum powers are hereby reserved to the people of each municipality on ·all questions which such municipalities may now or hereafter be ·authorized by law to control by legislative action; such ·powers shall be exercised in the manner now or hereafter provided by law."

The· law of Ohio governing the application of the constitutional provision with reference to the initiative and referendum is found in §4227-1 GC et seq §4227-12 GC is as follows:

"The provisions of Sections 4227-1 to 4227-13 inclusive, shall not apply to any municipality that has or may hereafter adopt· its own charter which contains an initiative and referendum provision for its own ordinances and other legislative measures."

It. will be observed that the city of Lakewood is a charter city and provides for the initiative and referendum in matters affecting that city.

Article 10 of the charter provides for the initiative and referendum, and Sections 12 of Article 10 is as follows:

"Proposed ordinance for repealing any existing ordinance or ordinances in whole or in part, may be submitted to the council as provided in this, section."

It is contended by the defendants that this matter is controlled by the decision of the majority of the Supreme Court, in the case of **State ex rel Smith v City of Fremont, 116 Oh St 469.** In our judgment, however, that case is not controlling of the case at bar. As distinguished from the city of Fremont, the city of Lakewood is a charter city, and if the citizens of the city of Lakewood desired to provide, as in our judgment they did, under this Article 10, Sec. 12, for the repealing of existing ordinances by the initiative, the situation presents a different state of facts from that presented to the Supreme Court in the City of Fremont case. In our judgment, this article 10, Sec. 12, distinguishes completely the instant case from the Fremont case.

Our attention is directed to the case of

Stetson v City of Seattle, reported in 134 Pac. 494, and the reasoning of the Supreme Court of the State of Washington in that case is, in our judgment, logical and correct, and applicable to the facts in the instant case.

The court in the Seattle case, page 495, says:

"It is urged that the legislative powers of the city are vested primarily in the council and mayor. This is true in a sense but not entirely so. Where the principle of direct legislation has been adopted, the legislative power is primarily in the people, and the old rule that the legislative body has primary power must be qualified. It is primary, and at the same time it is a permissive power,—a power subject to dictation and to control. "The first power reserved by the people is the initiative and referendum." Charter, Art. IV, Sec. 1. Therefore, upon any question involving the power of the council as compared with the power of the whole people, we feel bound to hold that when an ordinance is submitted to the people for their ratification or rejection, whether by act of the council or by petition, the ordinance must stand in abeyance pending such ratification or rejection, otherwise the very principle of direct legislation would be violated, * * *"

We hold that under the provisions of the charter of the city of Lakewood, in evidence in this case, the initiative right retained by the people is paramount. It is true that no referendum was attempted upon these ordinances, and under the charter, Art. 10, Sec. 20d, no referendum would have been available, and furthermore it is to be noted that the ordinances were declared emergency measures.

It presents a rather anomalous situation, but be that as it may, the people of Lakewood had a right to adopt, if they saw fit, a charter containing these provisions, anomalous as they seem. And holding that they have preserved the right to initiate measures, and these measures initiated by the plaintiffs in this action and those whom they represent being properly signed and filed, the projects at which they are aimed must be held in abeyance until the people pass upon these initiated measures at the election.

4. Nor do we agree with the proposition that plaintiffs have no capacity to maintain this action. It is not a case where demand must first have been served upon the Director of Law. It is not a case where the city acts as party plaintiff. It is a case where 4600 electors are appearing